## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CUSTOM TRUCK ONE SOURCE, INC.,
formerly known as Nesco Holding, Inc., as
successor to Truck Utilities, Inc.

       Plaintiff,

v.                                   No. CV 21-545 DHU/CG

BIGHORN CONSTRUCTION AND
RECLAMATION, LLC, also known as
BCR Companies,

       Defendant.

## **ORDER GRANTING MOTION FOR AGREED PROTECTIVE ORDER**

     **THIS MATTER** is before the Court upon the parties' *Joint Motion for Entry of Protective Order* (the "Motion"), (Doc. 35), filed April 5, 2022. In the Motion, the parties "request that the Court enter the Protective Order attached as Exhibit A" to the Motion. *Id.* at 1. The Court, having reviewed the Motion and noting it was filed jointly, finds the Motion is well-taken and shall be **GRANTED**.

     **IT IS THEREFORE ORDERED** that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories, and other information produced, given, or exchanged by and among Plaintiff Custom Truck One Source, Inc. and Defendant Bighorn Construction and Reclamation, LLC (collectively, the "Parties"):

### **Purpose and Scope**

     1.    Discovery in this action may involve disclosure of confidential information, as well as protected trade secret information. This protective order (the "Order") is therefore entered into pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence to protect against unauthorized disclosure of any such information and to ensure

that such information will be used only for purposes of this action. All confidential material produced or exchanged in the course of the above-referenced litigation shall be used solely for the purpose of this litigation.

2.      Confidential treatment may be claimed for documents, depositions, and other discovery materials, and any portions or summaries of such material ("Confidential Documents" or "Confidential Material"). The producing party shall designate any documents and information it considers to be confidential.

### Designation of Materials

3.      The producing parties may designate any Confidential Material as "Confidential" or "Attorneys Eyes Only" when a party, third-party, or their counsel in good faith believes that such Confidential Material constitutes or reveals personal, financial and/or trade secret information that is not generally available to the public. For the purposes of this Order, information considered to be Confidential Material includes, but is not limited to, all non-public materials containing information related to the producing party's internal policies and procedures concerning any business function, including, but not limited to, its corporate structure and employment practices and related materials.

4.      Confidential treatment may be claimed for Confidential Material by:

(a)      In the case of Confidential Documents produced at deposition, by stating on the record a description of the documents, including exhibit number and identification number (Bates number), if any.

(b)      In the case of other documents, stamping in bold black or red ink, "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on the document, or by providing counsel for the opposing party with a reasonably detailed written description of the documents (including Bates number,

if applicable). Such designation shall normally be accomplished prior to the production of documents, and in any event, must be made no later than thirty (30) days after production.

(c)     In the case of depositions, by designation of the deposition (or the appropriate portion of the deposition) as confidential. Such designation shall be done by counsel on the record.

(d)     In the case of summaries, excerpts, or exhibits prepared from Confidential Material, the party preparing same shall be responsible for maintaining the confidentiality of said document(s).

5.     It shall be the duty of the party or third-party who seeks to invoke protection under this Order to give notice, in the manner set forth herein, of the Confidential Discovery material to be covered hereby, and the level of confidentiality invoked. The duty of the other parties and of all persons bound by this Order to maintain confidentiality hereunder shall commence with such notice.

6.     The designation of Confidential Material need not be made until copies of the Material are produced in compliance with the Federal Rules of Civil Procedure.

## Disclosure

7.     Documents and information designated as "Confidential" or "ATTORNEYS EYES ONLY" shall not be disclosed directly or indirectly by any person receiving such materials to persons other than the following persons ("Qualified Persons"), as to whom disclosure shall be limited solely to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

(a)     The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b)     Counsel for the parties in this action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside copy services, litigation consulting services, document management services, and graphic services that are assisting counsel in the prosecution, defense, and/or appeal of this action;

(c)     Independent experts, consultants and/or investigators retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action;

(d)     The parties and the officers and employees of any party solely for the purpose of prosecuting, defending, and/or appealing this litigation;

(e)     Auditors, accountants, regulators, and reinsurers not assisting in the prosecution or defense of a party's claims or defenses in the lawsuit but who may require access to Confidential Material as authorized by statute, regulation, contract, or as necessary in the regular course of business of a party; and

(f)     Fact witnesses during depositions. Absent the parties' agreement, third-party fact witnesses may not retain Confidential Material.

(g)     In regard to Confidential Material designated "ATTORNEYS EYES ONLY," that material shall be restricted to one (1) designated counsel for the party of record.

8.      Any Qualified Person in category (c) above who is given access to Confidential Material shall, prior to being given such material, be informed of the provisions of this Order, read this Order, and execute a sworn undertaking, in the form annexed hereto as Exhibit A, indicating that he/she has read this Order and will abide by its terms. The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such Qualified Persons any such material, until the conclusion of this action, including all appeals. If requested upon the conclusion of this action, counsel for each party shall serve a copy of such statements upon counsel for each other party. The parties agree not to use these statements for any purpose other than monitoring and enforcing compliance with this Order.

9.      In addition to the above, Confidential Material related to either party's private information shall not be introduced to the Court unless and until Plaintiff has submitted sufficient proof of conduct that would justify submission of such Confidential Material.

## Additional Provisions

10.     Counsel shall attempt, in good faith, to resolve any disputes regarding the propriety and terms of disclosure on an informal basis (without the Court's intervention). However, if any party believes any material that has been designated "Confidential" or "ATTORNEYS EYES ONLY" was not properly designated, that party (the "challenging party") must first give seven (7) days' notice to the party which so designated such Material (the "designating party").  If the designating party still believes that its designation was proper, the challenging party may file a motion with the Court requesting that the Material

5

be de-designated, re-designated, and/or exempted from the terms of this Order. The designating party must then file a response to the motion as required by the rules and shall bear the burden of justifying confidential treatment of the disputed Material under applicable law. The protection afforded by this Order shall continue until a decision on the motion is made by the Court. If no response to the motion is timely filed and served on counsel for all parties, the protection afforded Confidential Material by this Order shall terminate as to the Material described in the moving party's motion.  If the Court finds that the designating party designated the Material as "Confidential" or "ATTORNEYS EYES ONLY" in bad faith, the challenging party will be awarded the reasonable attorney's fees and costs associated with its challenge.

11.     Prior to using any Confidential Material in trial, the receiving party shall give the disclosing party reasonable (in no event, less than 14 days) notice of its intent to use the Confidential Material so that appropriate measures may be employed to protect the confidential nature of the information contained therein.

12.     The inadvertent or unintentional disclosure of Material marked "Confidential" by counsel or other person(s) shall not be a reason for the imposition of sanctions pursuant to this Agreed Protective Order/Confidentiality Agreement. Upon discovery of the inadvertent or unintentional disclosure of Confidential Material, counsel shall immediately notify counsel representing the party whose Confidential Material has been disclosed. Such notice shall describe with particularity, to the extent known and reasonably possible, the Confidential Material which has been disclosed (including Bates number, if applicable) and the identity (name, title, address and telephone number) of the person(s) to whom the disclosure was made.

13.     The inadvertent or unintentional disclosure by the responding party of Confidential Material, regardless of whether the material was so-designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

14.     A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

15.     Nothing in this Agreed Protective Order/Confidentiality Agreement shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, relying in a general way upon his examination of Confidential Material produced or exchanged herein.

16.     In the event this litigation is concluded by any means, including judgment or settlement and dismissal, the parties shall return or destroy Confidential Material (including all copies thereof) upon written request submitted by counsel for the party producing such Confidential Material.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

**AGREED TO AS TO FORM AND SUBSTANCE:**

By: ___/s/___ _Gabriella E. Alonso_____
        GABRIELLA E. ALONSO
        New Mexico Bar No. 153159
        galonso@bradley.com
        Bradley Arant Boult Cummings LLP

600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Facsimile
***ATTORNEYS FOR DEFENDANT***
***BIGHORN CONSTRUCTION AND***
***RECLAMATION, LLC***

And

By: ___*/s/*___ ___*Kevin Nelson*___ (with permission)
Kevin Nelson
Tiffany & Bosco, P.A.
1700 Louisiana Blvd, N.E., Ste. 300
Albuquerque, NM 87710
***ATTORNEY FOR PLAINTIFF***
***CUSTOM TRUCK ONE SOURCE, INC.***